## Case No. 10,215.

NEW YORK RUBBER CO. v. CHASKEL.

[9 O. G. 923.]

Circuit Court, S. D. New York. 1876.

PATENTS—INFRINGEMENT—SLIGHT DIFFERENCE IN RESULTS.

Where the defendant in an action for infringement uses substantially the same devices as plaintiff, and produces the same result and certain other results differing from those produced by plaintiff, it will still be considered that the patent of plaintiff has been infringed, and that defendant appropriates the invention of complainant.

[This was a bill in equity by the New York Rubber Company against James Chaskel, impleaded with Henry Besels.]

B. F. Lee, for complainant.
S. Hirsch, for defendant.

JOHNSON, Circuit Judge. The answer of the defendant, Chaskel, makes an issue upon the novelty of the invention for which the patent owned by the complainant was granted; but as no evidence was given in support of the allegation of the defendant in this respect, the presumption arising from the patent itself is sufficient to determine the question in favor of the complainant. The defendant's answer sets up that the articles claimed by the complainant to work an infringement of its patent were made under a patent granted to Chaskel by the United States, being patent No. 153,155, dated July 21, 1874. Assuming this to be so, and that the fact of the patent creates the usual presumption of validity and consequently of patentable distinction between the claims of the defendant's patent and that secured by the complainant it still remains to be considered whether this presumption is not overthrown by a comparison of the article made and sold by the defendant with the patent owned by the complainant. The claims in this patent are two: The first for the combination of a hollow elastic toy, of rubber or the like, with a reed or other speaking device, so that by compressing the toy the reed or other device is made to speak; and, second, for joining the two parts by a groove in the frame of the reed, around which the rubber will close tightly by its elasticity when the reed-frame is inserted through a small hole cut out of the rubber. In the body of the specification a whistle is mentioned as one of the forms of the speaking contrivance contemplated by the inventor. The defendant's manufacture is the exact thing there described and something more. He uses a whistle sounded by compressing an elastic rubber ball, which is attached to the whistle by its contraction around and into a groove cut around the frame of the whistle. He prolongs the frame of the whistle so that it also serves as a handle to the toy, and he adds to it a whistle at the further end of the handle to be blown in the usual fashion. Whatever may be thought of the patentable quality of these additions, there can be no mistake in the proposition that the defendant's toy or manufacture appropriates both points of the complainant's patent. A whistle with a frame prolonged into a handle does not cease to be a whistle; nor does adding still another whistle at the end of the handle cure the violation of the complainant's patent in the employment of the first whistle in the method and for the purpose specified in and covered by the patent of the complainant. The complainant is therefore entitled to a decree in its favor in the usual form for a perpetual injunction and for an account, and the master must also inquire and report as to any damages occasioned by the breach by the defendant, Chaskel, of the preliminary injunction issued in this cause, and as to the proper fine, if any, to be imposed therefor.